USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tzvee Wood and Andrea Malester,

                  Plaintiffs,

-against-

Mutual Redevelopment Houses, Inc.; Penn South Cooperative Federal Credit Union; Penn South Social Services, Inc.; Carmen Santiago a/k/a Carmen Angelico; Brendan Keany, each in their professional and individual capacities; and John and Jane Does 1-50,

                  Defendants.

19 Civ. 9563 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

      On September 17, 2014, Plaintiffs filed an action in this district (the "First Action") against Defendants Mutual Redevelopment Houses, Inc. ("Mutual"), the City of New York Department of Housing Preservation and Development, Penn South Cooperative Federal Credit Union ("PSCFCU"), and twenty-one individuals ("First Action Defendants"), which was assigned case number 14 Civ. 7535. *See Wood et al. v. Mutual Redevelopment Houses, Inc. et al.*, No. 14 Civ. 7535 (S.D.N.Y. Sept. 17, 2014). Plaintiffs brought sixteen causes of action alleging discrimination on the basis of age, religion, familial status, and source of income; breach of contract; violation of Plaintiffs' civil rights; and other associated state law claims. First Action Complaint, First Action ECF No. 1 ¶¶ 143–257.[1] All of these claims were based on Plaintiffs' 2012 application to purchase a Mitchell-Lama apartment in New York City.[2] *See id.* ¶¶ 85–89.

      On April 6 and 8, 2015, First Action Defendants filed motions to dismiss the First Action Complaint. First Action ECF Nos. 21, 25, 31. On July 8, 2015, Plaintiffs filed a cross-motion to

---

[1] Documents filed in the First Action are cited as "First Action ECF No. __." Documents filed in the Second Action are cited as "Second Action ECF No. __." Documents filed in this action are cited as "ECF No. __."

[2] The Mitchell-Lama Law, otherwise known as Article II of New York's Private Housing Finance Law, "promote[s] construction of so-called affordable housing by providing long-term, low-interest government mortgage loans to

amend the First Action Complaint. First Action ECF No. 50; *see also* First Action ECF No. 50-1 (proposed amended complaint). On March 31, 2016, the Court granted in part and denied in part First Action Defendants' motions to dismiss (the "March 31 Order"). *See* March 31 Order, First Action ECF No. 70. Additionally, the Court denied leave to amend, holding that amendment was futile "because the additional causes of action are duplicative of those brought in the original complaint, or possess the same substantive flaws as similar claims." *Id.* at 32. Litigation in the First Action remains ongoing.

On September 14, 2017, Plaintiffs commenced an action in Supreme Court, New York County (the "Second Action"), through the filing of a Summons with Notice. Defendants removed the Second Action to this Court on January 26, 2018, which was assigned case number 18 Civ. 726. Second Action ECF No. 1; *see also* ECF No. 1-1. The Summons with Notice was filed by the same Plaintiffs in the First Action, against essentially the same Defendants. *See* Second Action ECF No. 108 at 3. The complaint in the Second Action largely mirrors the First Action Complaint and is based on the same operative facts—namely, Mutual's failure to offer Plaintiffs a Mitchell-Lama apartment in 2012—although the Second Action Complaint contained new allegations that Defendants' conduct violated the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. § 1691 *et seq.* Second Action ECF No. 108 at 4. On June 5, 2019, the Court dismissed the Second Action as duplicative of the First Action. Second Action ECF No. 108 at 13.

On October 11, 2019, Plaintiffs filed the instant action (the "Third Action") against virtually the same Defendants[3] in the First Action. ECF No. 1. The Third Action alleges identical claims as the First and Second Actions. *See* ECF No. 1 ¶ 55 ("The 2014 [a]ction asserted claims including, but

---

developers on the condition that the resulting development be subject to rent regulation." *United States v. Glenn Gardens Assocs., L.P.*, 534 F. App'x 17, 19 (2d Cir. 2013).

[3] In both actions, Plaintiffs named Defendants Mutual, PSCFCU, Carmen Santiago, and Brendan Keany. Although Plaintiffs did not name Penn South Social Services, Inc. in the First Action, Plaintiffs have subpoenaed that party in the First Action. *See* First Action ECF No. 201-2.

not limited to, under Federal civil rights law, the Fair Housing Act ('FHA'), New York State Human Rights Law ('NYSHRL'), and New York City Human Rights Law ('NYCHRL')"); *see also id.* ¶ 429 ("The ongoing denial of housing and retaliation by Defendants is based upon Plaintiffs' assertions of the protected classes in the 2014 [a]ction, including, race, religion, age, familial status, source of income, lawful occupation, as *[s]ee, generally,* 14-CV-7535 ECF No.1.").

On November 8, 2019, the Court ordered Plaintiffs to show cause by November 22, 2019, in writing, why this case should not be dismissed as duplicative of the First and Second Actions. ECF No. 4 at 3. The Court warned that if Plaintiffs failed to respond, "the action [would] be dismissed as duplicative." *Id.* On November 19, 2019, Plaintiffs requested an extension, until December 11, 2019, to respond to the Court's order to show cause. ECF No. 5. On November 21, 2019, the Court granted Plaintiffs' request and extended the time to respond to December 11, 2019. ECF No. 6. The order was mailed to Plaintiffs on November 22, 2019. *See* November 22, 2019 Docket Entry. As of December 16, 2019, Plaintiffs have failed to respond to this Court's order to show cause.

Accordingly, this action is DISMISSED due to (1) Plaintiffs' failure to show cause as ordered by the Court, and (2) the action being duplicative of the First and Second Actions. First, notwithstanding this Court's warning that failure to respond to the order to show cause would result in dismissal, ECF No. 4 at 3, Plaintiffs failed to respond, even after Plaintiffs requested, and were granted, an extension of time to respond, ECF No. 6. This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order." "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*." *Smith v. City of Yonkers*, No. 19 Civ. 0797, 2019 WL 6184261, at *1 (S.D.N.Y. Nov. 20,

2019) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). The Court exercises that inherent authority here where Plaintiffs have failed to comply with a court order.

Second, this action must be dismissed on the merits because it is duplicative of the First and Second Actions. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A district court must "consider the equities of the situation when exercising its discretion"; however, dismissal of the second suit is a "common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." *Id.* at 138–39. Moreover, "[P]laintiffs may not file duplicative complaints in order to expand their legal rights." *Curtis*, 226 F.3d at 140. "Even where additional defendants are named, a second lawsuit is duplicative where it 'involves essentially the same factual background and legal questions as those presented in the first and the new defendant's interests are adequately represented by the defendants in the first.'" *Grimes-Jenkins v. Consol. Edison Co. of New York, Inc.*, 18 Civ. 1545, 2019 WL 1507938, at *4 (S.D.N.Y. Apr. 5, 2019) (quoting *Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010)) (alterations omitted).

Here, Plaintiffs make identical claims against virtually all of the same defendants that were sued in the First and Second Actions. *See supra* at 2–3. The only Defendants in this case who are not currently Defendants in the First Action, which is ongoing, are PSCFCU, which was dismissed from the First Action on March 31, 2016, *see* First Action ECF No. 70 at 10–11, and Penn South Social Services, Inc. ("PSSS"), which was subpoenaed by Plaintiffs in the First Action, *see* First Action ECF No. 201-2. By filing a duplicative claim against a party that was already dismissed in the First Action, Plaintiffs seek to expand their legal rights, which Plaintiffs may not do. *Curtis*, 226 F.3d at 140. Discovery has also ended in the First Action. *See* First Action ECF No. 249 at 18–19. Plaintiffs failed to subpoena certain documents from PSSS in the First Action. *See* First Action ECF

4

No. 201-2; First Action 249 at 17, 19 (order from the Honorable Debra Freeman describing Plaintiffs' unenforced subpoenas to PSSS and ruling that the "Court will not entertain any further discovery motions, including any motion to enforce any outstanding subpoenas"); *see also* ECF No. 1 ¶¶ 382–407. Plaintiffs then sued PSSS in this action which, again, is an improper attempt by Plaintiffs to expand their legal rights. *Curtis*, 226 F.3d at 140. After "consider[ing] the equities of the situation," *id.* at 138–39, which includes the fact that Plaintiffs are currently litigating in the First Action the virtually the same claims they assert in this action, the current action being the third such action brought by Plaintiffs, and that the instant action is duplicative of the two previously filed actions, the Court finds that dismissal of the instant action is appropriate.

Accordingly, the case is DISMISSED for (1) Plaintiffs' failure to prosecute and (2) being duplicative of the First and Second Actions.[4] The Clerk of Court is directed to close this case and mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: December 16, 2019
 New York, New York

_____
ANALISA TORRES
United States District Judge

---

[4] The action is dismissed without prejudice to Plaintiffs' continuing prosecution of the First Action.