UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZVEE WOOD and ANDREA MALESTER,<br><br>                  Plaintiffs,<br><br>      -against-<br><br>MUTUAL REDEVELOPMENT HOUSES, INC., et al.,<br><br>                  Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/5/2022<br><br><br>14 Civ. 7535 (AT) |
| TZVEE WOOD and ANDREA MALESTER,<br><br>                  Plaintiffs,<br><br>      -against-<br><br>MUTUAL REDEVELOPMENT HOUSES, INC., et al.,<br><br>                  Defendants. | 18 Civ. 726 (AT) |
| Tzvee Wood and Andrea Malester,<br><br>                  Plaintiffs,<br><br>      -against-<br><br>Mutual Redevelopment Houses, Inc.; Penn South Cooperative Federal Credit Union; Penn South Social Services, Inc.; Carmen Santiago a/k/a Carmen Angelico; Brendan Keany, each in their professional and individual capacities; and John and Jane Does 1-50,<br><br>                  Defendants. | 19 Civ. 9563 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

       The Court has reviewed the parties' submissions at No. 14 Civ. 7535, ECF Nos. 364–66, No. 18 Civ. 726, ECF No. 124, and No. 19 Civ. 9563, ECF Nos. 96–98.

       First, Plaintiffs' request to file a letter for *in camera* review, No. 14 Civ. 7535, ECF No. 364, is DENIED. The Court construes this as a request to communicate with the Court *ex parte* made without giving the opposing party sufficient information to permit them to meaningfully object. *See Parisi v. Rochester Cardiothoractic Assocs.*, 159 F.R.D. 406, 407 (W.D.N.Y.1995) (describing appropriate procedure for in camera review). Should Plaintiffs persist in their wish

to file an *ex parte* letter with the Court, by **May 16, 2022**, they shall file a letter with the Court describing the basis for their request.  Should Defendants object to the request, they shall file their opposition by **May 20, 2022**.

Second, Plaintiffs asks the Court to make two redactions to the transcript of a February 18, 2021 conference held before the Honorable Debra Freeman.  No. 19 Civ. 9563, ECF No. 96.  Defendants oppose this request and ask that records sealed pursuant to Judge Freeman's February 18, 2021 order (the "Order"), No. 19 Civ. 9563, ECF No. 53, be unsealed.  No. 19 Civ. 9563, ECF No. 97.  The Court shall not disturb the Order, which explicitly stated that the records would be sealed "pending further order of the Court," No. 19 Civ. 9563, ECF No. 53.  Despite further briefing on the matter, Judge Freeman did not revisit this decision, and, in fact, placed further filings under seal when proper application was made, even after the briefing contemplated in the Order was completed.  *See* No. 19 Civ. 9563, ECF No. 80.  This Court will not second guess Judge Freeman's determination, especially as the case is closed.  The Court, therefore, finds that the Order is still in place and governing.  As Plaintiffs seek to redact portions of the transcript that fall within the ambit of the Order because they relate to a disability claimed by one if the Plaintiffs, the request for redactions is GRANTED.  Defendants' request to unseal all records sealed under the Order is DENIED.

Finally, Plaintiffs request that the Court identify records related to all conferences the Court has held in the three captioned cases.  No. 14 Civ. 7535, ECF No. 366, No. 18 Civ. 726, ECF No. 124, No. 19 Civ. 9563, ECF No. 98.  This request is DENIED.  The Court declines to conduct such a search because it would be an inappropriate use of the Court's resources.

SO ORDERED.

Dated: May 5, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge